**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSE A. SOSA ORELLANA,** | : | |
|     *Plaintiff* | : | |
| | : | |
| v. | : | C.A. NO. 2021- |
| | : | |
| **SOUTHWIND CORPORATION,** | : | |
| **alias, and THE COAST GUARD** | : | |
| **HOUSE, LLC, alias,** | : | **Jury Trial Demanded** |
|     *Defendant* | : | |
| | : | |

**COMPLAINT**

**I.     Introduction**

1.     This is an action brought by Plaintiff Jose A. Sosa Orellana ("Plaintiff") against his employer, Defendant Southwind Corporation, alias, and The Coast Guard House, LLC, alias, seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et seq.* and § 28-14-1, *et. seq.*

**II.     Parties**

2.     Plaintiff is a resident of the City of Providence, County of Providence, and State of Rhode Island.

3.     Defendant Southwind Corporation, alias is domestic profit corporation duly organized and incorporated under the laws of the State of Rhode Island with a principal place of business located at 40 Ocean Road, Narragansett, RI 02882.

4.     Defendant The Coast Guard House, LLC, alias is a domestic limited liability company duly organized under the laws of the State of Rhode Island with a principal place of business located at 40 Ocean Road, Narragansett, RI 02882.

### III.  Jurisdiction

5. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law; specifically, the FLSA.

6. Supplemental jurisdiction over the state law claim set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

### IV.  Venue

7. Pursuant to the requirements set forth in 28 U.S.C. § 1391, venue is proper in this Court insofar as Defendant are doing business in the State of Rhode Island and therefore are deemed to reside in the District of Rhode Island.  Moreover, a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in the District of Rhode Island.

### V.  Material Facts

*FLSA Liability Allegations*

8. At all times relevant to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(5) and 28-14-1(2) of the RIPWA employed by the Defendants.

9. At all times relevant to this action, Defendants were "employer[s]" within the meaning of 29 U.S.C. § 203(d) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(7) and 28-14-1(3) of the RIPWA employing the Plaintiff.

10. At all relevant times, Defendants jointly employed Plaintiff.

11. At all relevant times, Plaintiff was "engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203 (b), (i)-(j), 206(a), and 207(a), as an employee employed by and performing work for Defendants.

12. At all relevant times, Defendants were engaged in related activities performed through unified operation and/or common control for a common business purpose and are, and at all times hereinafter mentioned, were an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all relevant times, Defendants individually and/or jointly were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203(s).

14. Unless otherwise specified, the term "Defendants" as hereinafter used shall refer collectively to each and every Defendant named or described in the instant action.

### *Work Performed for Defendant*

15. Plaintiff was employed by the Defendants at The Coast Guard House Restaurant located at 40 Ocean Road, Narragansett, RI 02882 since on or about 2007.

16. Plaintiff was initially employed as a dishwasher for the first two (2) years of his employment and subsequently worked as a sous chef for Defendants until his termination on or about January 27, 2021.

17. Throughout the last three (3) years of Plaintiff's employment, Plaintiff was compensated at an hourly rate of $23.00 per hour.

18. Since Plaintiff began working for Defendant, he has worked consistently from Tuesday through Saturday from 9 a.m. to 11:00 p.m. for between sixty-five (65) to seventy (70) hours each week.

19. In fact, throughout the last three (3) years prior to the filing of this Complaint, Plaintiff's weekly straight time pay was between $1,495.00 and $1,610.00.

20. Notwithstanding Plaintiff's non-exempt status, Defendants failed and/or refused to pay Plaintiff overtime wages for all hours worked over forty (40) during each workweek.

21. From 2007 until approximately April 11, 2020, Defendants enforced a policy wherein Defendants paid Plaintiff W-2 wages for up to forty (40) hours per workweek only and then paid Plaintiff his straight time hourly rate in cash for all hours he worked over forty (40) per workweek to avoid paying Plaintiff overtime.

22. Moreover, Defendants specifically and repeatedly told Plaintiff not to record more than forty (40) hours on his electronic time card, but, instead, to hand-write his hours worked over forty (40) each week, on his printed time card, for which he was paid in cash.

23. During that same timeframe, Plaintiff was not paid an overtime premium of an extra half time for any hours worked over forty (40) each week.

24. On or around April 8, 2020, Defendant Southwind Corporation was approved for a loan under the Paycheck Protection Program ("PPP Loan") in the amount of $649,250.00.

25. Subsequently, Defendants began to pay Plaintiff an overtime premium beginning on or around April 11, 2020.

### *Failure to Compensate Plaintiff for Overtime Pay*

26. At all relevant times, Plaintiff was a non-exempt employee entitled to payment of at least minimum wage for all hours worked under the FLSA and RIPWA.

27. Plaintiff was entitled to compensation in an amount equal to the agreed upon hourly rate as prescribed by the FLSA and RIPWA for all hours worked.

28. The RIPWA prescribes that every employee shall be paid "***all due wages*** from his or her employer." *See* R.I. Gen. Laws § 28-14-2.2(a) (emphasis added).

29. Under the FLSA, every employer in commerce shall pay its employees time and one half (1 ½) for all hours worked over forty (40). 29 U.S.C. §§ 206 and 207.

30. The RIPWA mirrors the FLSA in that it provides that every employer shall pay the minimum wage prescribed by law and one and one-half (1 ½) the rate of their regular

compensation for all hours worked over forty (40).  R.I. Gen. Laws § 28-12-1, et seq.

31. Nevertheless, as alleged above, Defendants willfully and repeatedly violated the FLSA and the RIPWA by failing or refusing to compensate Plaintiff for overtime pay for all hours worked over forty (40).

*Work Suffered or Permitted*

32. Defendants are liable for the payment of wages or overtime wages for all hours Plaintiff were "suffered or permitted to work," regardless of whether the work was requested, authorized, or needed, whenever the Defendants knew or had constructive knowledge that the work was being performed.

33. Defendants knew or had reason to believe that Plaintiff was working in excess of forty (40) hours weekly on a regular basis.

34. Indeed, this is the obvious reason why Defendants instructed Plaintiff not to record more than forty (40) hours on his weekly electronic time card, but had Plaintiff hand-write his hours over forty (40) on his time card each week.

*Damages*

35. Defendants willfully and repeatedly violated 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA by failing to make, keep, and/or preserve adequate and accurate records of Plaintiff's wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted under the FLSA and found in 29 C.F.R. § 516.2.

36. At all relevant times, Defendants failed and/or refused to make and/or keep in or about their premises various records of Plaintiff's employment that the RIPWA mandates employers make and keep, including, but not limited to, the hours worked each day and each work week by each employee.  See R.I.G.L. § 28-12-12 and §§ 28-14-2.1 and 12.

37. As a result of the Defendants' concerted acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages, overtime pay, and other compensation and/or benefits of employment and has suffered emotional distress and other great damage.

38. From February 23, 2018 through February 23, 2019, Plaintiff worked *at least* twenty-five (25) hours of overtime during each workweek for fifty-two (52) weeks, totaling 1,300 hours, for which the Defendants only paid him straight time wages and refused to pay Plaintiff the required overtime premium of one and a half (1 ½) times his hourly rate.

39. Accordingly, Defendants failed to pay Plaintiff *at least* $14,950.00 in overtime premiums from February 23, 2018 through February 23, 2019.

40. From February 23, 2019 through February 23, 2020, Plaintiff worked *at least* twenty-five (25) hours of overtime during each workweek for fifty-two (52) weeks, totaling 1,300 hours, for which the Defendants only paid him straight time wages and refused to pay Plaintiff the required overtime premium of one and a half (1 ½) times his hourly rate.

41. Accordingly, Defendants failed to pay Plaintiff *at least* $14,950.00 in overtime premiums from February 23, 2019 through February 23, 2020.

42. From February 23, 2020 through April 11, 2020, Plaintiff worked *at least* twenty-five (25) hours of overtime during each workweek for seven (7) weeks, totaling 175 hours, for which the Defendants only paid him straight time wages and refused to pay Plaintiff the required overtime premium of one and a half (1 ½) times his hourly rate.

43. Accordingly, Defendants failed to pay Plaintiff *at least* $2,012.50 in overtime premiums from February 23, 2020 through April 11, 2020.

44. In total, from February 23, 2018 through April 11, 2020, Defendants willfully and in bad faith failed to pay Plaintiff overtime wages totaling approximately between $287.50

during weeks where Plaintiff worked sixty-five (65) hours and $345.00 during weeks where Plaintiff worked seventy-five (75) hours.

45. In light of Plaintiff's non-exempt position and hourly compensation, Defendants failure to pay Plaintiff overtime wages under applicable law was willful, in bad-faith, and without any reasonable believe that said failure to pay overtime was not a violation of applicable law.

46. Defendants' willfulness, bad-faith, and lack of reasonable belief is also established by the fact that Defendants directed Plaintiff not to electronically record hours worked over forty (40) during each workweek and the fact that Defendants paid Plaintiff in cash at his straight time rate for hours worked over forty (40) during each workweek.

47. On information and belief, Defendants also compensated and/or compensate other employees in the same unlawful manner and under the same unlawful payment scheme alleged herein.

## VI. Claims for Relief

48. Plaintiff incorporates the allegations in ¶¶1 through 47 above in each of the counts set forth below.

### Count One
*Fair Labor Standards Act,*
*U.S.C. § 201, et seq.*

49. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, willfully violated the FLSA by failing to pay overtime wages for all hours worked over forty (40) during each workweek of Plaintiff's employment as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

**Count Two**
*Rhode Island Payment of Wages Act,*
*R.I. Gen. Laws § 28-12-1, et seq., and*
*R.I. Gen. Laws § 28-14-1, et seq.*

50.     Defendants, by their acts and/or omissions, including, but not limited to, those described herein, willfully violated the RIPWA by failing to pay overtime wages for all hours worked over forty (40) during each workweek of Plaintiff's employment as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

### VII.     Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

6. An award of liquidated damages of two times the amount of wages and benefits owed pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

7. An award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

8. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws §§ 28-14-19.2 and § 28-14-20.

9. An award of other appropriate equitable relief pursuant to 29 U.S.C. § 216(b).

10. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

11. An award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Richard A. Sinapi, Esq. and Danilo A. Borgas, Esq. as trial counsel.

Plaintiff
By his attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

Dated: February 23, 2021

/s/ **Danilo A. Borgas**
**Danilo A. Borgas, Esq. (#9403)**
**Richard A. Sinapi, Esq. (#2977)**
2374 Post Road Suite 201
Warwick, RI 02886
Phone: (401) 739-9690; FAX: (401) 739-9490
Email: dab@sinapilaw.com; ras@sinapilaw.com